# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| TERRY L. COUPELL, | : | |
|---|---|---|
| Plaintiff | : | CIVIL ACTION NO. 3:18-2411 |
| v. | : | JUDGE MANNION |
| ANDREW SAUL[1], | : | |
| Defendant | : | |

## O R D E R

Pending before the court is the report of Magistrate Judge Joseph F. Saporito, Jr., which recommends that the decision of the Commissioner be reversed and that the plaintiff's request for remand for a new administrative hearing be granted. (Doc. 13). No party has filed objections to the report.

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. See Fed.R.Civ.P. 25(d).

may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In his decision denying the plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("Act"), the ALJ found that the plaintiff had the capacity to perform a limited range of sedentary work activity. However, at step four of the disability determination process, the ALJ determined that the plaintiff was capable of performing both her past relevant work as a hairstylist, which was light to medium work activity, as well as her work as a claims clerk I, which was sedentary. The plaintiff argues in this action that the ALJ erred in evaluating her past relevant work as a hairstylist despite finding that she could only perform a limited range of sedentary work activity. Although the Commissioner argues that the ALJ's inclusion of the hairstylist position in his finding was a typographical error, Judge Saporito has determined that the inconsistency in the ALJ's findings regarding the plaintiff's ability to perform her past relevant work rendered him unable to conduct meaningful review of the decision without speculating about the ALJ's actual findings based upon all of the testimony. As such, Judge Saporito recommends that the decision of the Commissioner be reversed and the plaintiff's request for remand for a new administrative hearing be granted.

No party has objected to Judge Saporito's report. The court has

reviewed the report and recommendation of Judge Saporito and finds no clear error of record. Further, the court agrees with the sound reasoning upon which Judge Saporito's decision is based. Therefore, the court will adopt the report and recommendation in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Saporito **(Doc. 13)**, is **ADOPTED IN ITS ENTIRETY AS THE RULING OF THE COURT**.

**(2)** The plaintiff's appeal is **GRANTED**.

**(3)** The decision of the Commissioner is **REVERSED** and the matter is **REMANDED** for a new administrative hearing.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 31, 2020**
18-2411-01.wpd